■ EDWARD F. HALLAHAN, INC., Appellant, v HALLAHAN, McGUINNESS & LORYS, LTD., Respondent. [713 NYS2d 536] —In an action, *inter alia,* pursuant to General Business Law § 133 to enjoin the defendant from using the name "Hallahan" as part of its corporate name, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Barone, J.), entered August 13, 1999, as, upon reargument of the defendant's cross motion for summary judgment dismissing the complaint, granted the cross motion. The appeal brings up for review so much of an order of the same court, entered October 8, 1999, as, upon the plaintiff's motion for reargument, adhered to the determination to grant the defendant's cross motion for summary judgment (*see,* CPLR 5517 [b]).

Ordered that the appeal from the order entered August 13, 1999, is dismissed, as that order was superseded by the order entered October 8, 1999, made upon reargument; and it is further,

Ordered that the order entered October 8, 1999, is affirmed insofar as reviewed; and it is further,

Ordered that the defendant is awarded one bill of costs.

The Supreme Court properly concluded that the plaintiff is not entitled to injunctive relief pursuant to General Business

Law § 133, which prohibits a corporation from using a name with "intent to deceive and mislead the public". There was no evidence that the inclusion by the defendant of "Hallahan" in its name was intended to deceive or mislead the public. The plaintiff's former president, the late Eugene Hallahan, was one of the founders of the defendant, and the defendant has used "Hallahan" as part of its corporate name since 1989. Furthermore, while the plaintiff ceased its association with the defendant in January 1997, there is no evidence that the defendant retained the Hallahan name in an attempt to intentionally deceive or mislead the public (*see, Ryan & Son v Lancaster Homes,* 22 AD2d 186, *affd* 15 NY2d 812; *Sung v Paolucci,* 170 AD2d 598; *Corcoran Marble & Monuments v Corcoran,* 122 AD2d 245; *cf., Eilat Limousine Serv. for All v Eilat Car & Limousine Serv.,* 221 AD2d 272; *First Natl. City Bank v First Natl. City Bank & Trust Co.,* 52 AD2d 776). In addition, the plaintiff's submissions did not raise a triable issue of fact as to whether the defendant's retention of the name Hallahan created continuing confusion in the minds of the public or within the insurance industry (*see, Ryan & Son v Lancaster Homes, supra; Sung v Paolucci, supra*). Krausman, J. P., Goldstein, Feuerstein and Smith, JJ., concur.